## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY LOU COUCH, | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL TO THE** |
| | ) | **U.S. DISTRICT COURT FOR THE** |
| | ) | **DISTRICT OF NEBRASKA** |
| | ) | |
| WALNUT GROVE RETIREMENT | ) | |
| COMMUNITY   LLC,   and   RESORT | ) | |
| LIFESTYLE COMMUNITIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Walnut Grove Retirement Community LLC and Resort Lifestyle Communities, Inc. ("Defendants"), by and through their attorneys, Rembolt Ludtke LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of this case from the District Court of Douglas County, Nebraska to this Court. The grounds for removal are as follows:

1.      Plaintiff commenced this action against Defendant in the District Court of Douglas County, Nebraska, Case No. CI  15-5997.

2.      Plaintiff's Complaint and Request for Jury Trial and Summons were served upon Defendants on or about July 10, 2015.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant are attached hereto as Exhibit A.

3.      Plaintiff's Complaint asserts claims for violation of the federal Americans with Disabilities Act ("ADA"), 42 U.S.C §12101; the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601; the federal Age Discrimination in Employment Act, 29 U.S.C. §621; and claims for violation  of the Nebraska Fair Employment Practice Act ("FEPA"), Neb. Rev. Stat.

1

§48-1101 to 48-1126 and the Nebraska Age Discrimination in Employment Act ("Neb. ADEA"), Neb. Rev. Stat. §48-1001 to 48-1010.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it has been filed with this Court within 30 days after receipt of Plaintiff's Complaint by Defendant.

5.      Pursuant to 28 U.S.C. §§ 1441(c) and 1446(a), the United States District Court for the District of Nebraska is the appropriate court for filing this Notice of Removal from the District Court of Douglas County, Nebraska, where said action is pending.

6.      This action is removable to this Court under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over the federal claims of this civil action, which are founded on claims or rights arising under the laws of the United States pursuant to 28 U.S.C. § 1331.  This action is also removable to this court under 28 U.S.C. § 1441(a) because the Court has jurisdiction over the state claims of this civil action pursuant to 28 U.S.C. §1441(c).

7.      Notice of the filing of this Notice of Removal shall be provided to Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the District Court of Douglas County, Nebraska, pursuant to 28 U.S.C. § 1446(d).

8.      Under the provisions of 28 U.S.C. § 1441 and all applicable statutes, all of which Defendant has complied with, this case is removed to the United States District Court for the District of Nebraska.

WHEREFORE, Defendant gives notice of the removal of the case captioned *Mary Lou Couch v. Walnut Grove Retirement Community LLC and Resort Lifestyle Communities, Inc.,* Case No. CI 15-5997, pending in the District Court of Douglas County, Nebraska, to this Court.

DATED:  August 10, 2015

WALNUT GROVE RETIREMENT
COMMUNITY LLC and RESORT LIFESTYLE
COMMUNITIES, INC., Defendants

By:     REMBOLT LUDTKE LLP
        3 Landmark Centre
        1128 Lincoln Mall, Ste. 300
        Lincoln, NE 68508
        (402) 475-5100
        (402)475-5087 (facsimile)
        mfahleson@remboltlawfirm.com



By:     /s/ Mark A. Fahleson
        Mark A. Fahleson (#19807)


## CERTIFICATE OF SERVICE

        I certify that a true and correct copy of the foregoing has been served on August 10,
2015 via the Court's ECF filing system, upon:

Raymond R. Aranza
Mark R. Bosworth
MARKS CLARE & RICHARDS, LLC
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154
(402)492-9800
(402)492-9336 FAX
raranza@mcrlawyers.com
mbosworth@mcrlawyers.com




        /s/ Mark A. Fahleson
        Mark A. Fahleson


4829-9537-7702, v. 1

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150005997
Transaction ID: 0002551302
Filing Date: 07/08/2015 02:55:51 PM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| MARY LOU COUCH, | ) | CASE NO. CI 15-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| WALNUT GROVE RETIREMENT | ) | |
| COMMUNITY LLC, and RESORT | ) | |
| LIFESTYLE COMMUNITIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT A**

COMES NOW the Plaintiff, Mary Lou Couch, by and through her attorneys, Raymond R. Aranza and Mark R. Bosworth of Marks Clare and Richards, LLC, and for her causes of action against the Defendants Walnut Grove Community LLC, and Resort Lifestyle Communities, Inc. (hereinafter "Defendants" or "Walnut Grove"), states as follows:

1.      This is an action seeking redress for the violation of the rights guaranteed the Plaintiff by the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§48-1101 to 48-1126, as amended; the Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. §§48-1001 to 48-1010; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq., as amended; and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., as amended, for damages suffered by Plaintiff as a result of Defendants' unlawful discrimination and retaliation.

2.      This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction over the federal law claims.

3.      At all times alleged herein, Plaintiff Mary Lou Couch was a resident of Omaha, Douglas County, Nebraska.

1

4.     Upon information and belief, Walnut Grove Community LLC, is a Nebraska limited liability company and was doing business in Nebraska at all times alleged herein. Defendant's primary place of business in Nebraska is 4901 South 153rd Street, Omaha, Nebraska 68137.  The Defendant's business office is located at 8040 Eiger Drive, Lincoln, Nebraska 68516.  Upon information and belief, Resort Lifestyle Communities, Inc., is the parent company of Defendant Walnut Grove, with its principal place of business located at 8040 Eiger Drive, Lincoln, Nebraska 68516.  The Defendants are an employer as that term is defined pursuant to the applicable state and federal statutes set forth herein.

5.     The Plaintiff has fulfilled the administrative prerequisites to filing the instant timely action; the Nebraska Equal Opportunity Commission issued its administrative dismissal and Notice of Right to Sue on April 17, 2015, attached as Exhibit "A."

FACTUAL ALLEGATIONS

6.     Plaintiff began her employment at Walnut Grove as a Lifestyle Coordinator/Activities Director on November 1, 2010.   At the time of her termination, Ms. Couch was 55 years old.

7.     Ms. Couch was highly qualified for the position, in addition to combined 13 years experience as an Activities Director and Assistant Activities Director, she also holds a combined degree in Psychology and Sociology.  Ms. Couch obtained an Activities Director certification from the Nebraska Healthcare Association in 2006.  She also holds a CDL driver's license which she obtained so she would be able to drive buses to work-related activities and outings.

8.     She held the Activities Director position through the termination of her employment.  At the time she was terminated, Ms. Couch was earning an hourly wage of $13.65. She was eligible to work overtime.  Throughout her time at Walnut Grove, Couch received

2

positive feedback and was an exemplary employee. Couch was never disciplined nor did she receive negative performance reviews prior to being diagnosed with cancer.

9.      On or about August 2013, Couch began seeing doctors to identify the cause of various symptoms she was experiencing. Couch took time off from work to make appointments with physicians and notified Walnut Grove management she was going to visit the doctor for an as of yet unidentified medical condition. After multiple consultations with different physicians, Ms. Couch was diagnosed with vulvar cancer in mid-December 2013.

10.     Couch disclosed her condition to Walnut Grove management on December 18, 2013. She had surgery to remove the cancer on December 23, 2013.

11.     After the December 23, 2013, surgery, Couch was on approved FMLA leave until she was cleared to work in February 2014. Couch returned to work on February 4, 2014, on a part-time basis (32 hours per week).

12.     While Ms. Couch was on FMLA leave, her office was completely cleaned out by Walnut Grove personnel, and her work resources and personal effects, including family pictures, were boxed up and moved to storage. Ms. Couch was told by Walnut Grove management that her office, including the inside of drawers and cabinets, was cleaned in order to paint the area. No other office or area of any similarly situated employee was cleaned out to this extent in order to accommodate the painting project. When Ms. Couch returned to work in February 2014, her office had not yet been painted.

13.     While Ms. Couch was out on leave, many of her former job duties, including hiring, buying supplies, and driving the bus were given to Kim Spicer (41, no known disabilities). Spicer, at the time, was employed as the dining room supervisor at Walnut Grove. During this time, Spicer was representing to Walnut Grove personnel and caretakers that

3

Ms. Couch was "out" and she (Spicer) was "in," which was understood to mean Spicer was going to replace Ms. Couch as Activities Director.

14.     Upon her return to work, Ms. Couch requested an accommodation in the form of intermittent leave for a time period set to run from February 2014 through April 2014. This request was approved.

15.     At the time Ms. Couch returned in February 2014, new managers, Tim and Debbie Morford, had taken over from the previous interim managers. Ms. Couch attempted to explain her condition and corresponding needs to the Morfords, but they were unwilling to listen. While attempting to explain her condition and related issues to Tim Morford, he held out his hand, palm first, directly into Ms. Couch's face. Tim Morford told Ms. Couch he did not want to hear further information about Ms. Couch's condition.

16.     When Tim Morford refused to listen to Ms. Couch, she was attempting to discuss her condition and corresponding issues. Ms. Couch was attempting to explain that the surgery to remove her cancer was much more extensive and invasive than she was initially prepared for by her physicians. As a result, Ms. Couch was attempting to explain her situation in order to pursue counseling for her mental anguish and pain. Due to the fact that she was denied the opportunity to explain, she was inhibited in pursuing such counseling for fear of further provoking the poor treatment she was already experiencing from the Morfords.

17.     After Ms. Couch returned to work, Tim and Debbie Morford watched her closely and constantly, criticizing her and harassing her over minor issues. The Morfords insisted on pushing Ms. Couch to include more active groups, events and activities, such as implementing a "walking club." Ms. Couch did resist such activities, as she had tried them before and they were

4

not popular with the residents. The more active approach was also difficult for Ms. Couch due to the nature and location of her injuries.

18.     During the period where Ms. Couch was on intermittent leave, the Morfords constantly targeted and pressured her over minor or outright false claims over how Ms. Couch was performing her job. Ms. Couch felt she was being targeted by harassment in an effort to get her to resign, which she relayed to Walnut Grove management. She complained of the poor treatment on approximately 10 occasions to Georgia Glass, the Human Resources Director in charge of Walnut Grove. Glass eventually called a meeting which included herself, the Morfords and Couch. The problem was not resolved and the Morfords' treatment of Couch did not improve after the aforementioned meeting.

19.     On March 30, 2014, Debbie Morford wrote up Ms. Couch for an alleged announcement made during a bingo game at Walnut Grove. The Morfords' falsely accused Ms. Couch of making an announcement wherein Couch allegedly stated the Morfords had decided no "outsiders" were allowed to play Bingo at Walnut Grove. In the corresponding "Employee Performance Documentation" and "Problem Solving Action Plan," Couch denied making the statement. Couch signed the write up with the qualification that, "My signature acknowledges the receipt of this form only, not agreeing to the content."

20.     After the complaints to Georgia Glass and the corresponding meeting failed to remedy the harassment suffered by Ms. Couch, she reached out to Breck Collingsworth, the President of Resort Lifestyle Communities, Inc., which includes Walnut Grove and its sister facilities. This was the first time Ms. Couch had made such a call to Collingsworth.

21.     Despite Ms. Couch's repeated requests for help, the treatment by the Morfords continued.

5

22.     On or about May 15, 2014, Ms. Couch was terminated from her position as Lifestyle Coordinator.  She was not given a reason or explanation at the time.

23.     Ms. Couch never had any problems with her job before she disclosed her medical condition.

24.     Upon information and belief, Ms. Couch was replaced in the position of Lifestyle Coordinator/Activities Director by Kim Spicer.  Spicer, 41, is younger than Couch and less qualified to hold the position.

<u>COUNT I</u>

VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT

25.     Plaintiff incorporates Paragraphs 1 through 24 as if fully set forth herein.

26.     On or about December 23 2014, Couch was eligible for family medical leave to receive surgery to remove and treat her vulvar cancer.

27.     Couch filled out FMLA paperwork, per the instructions of Walnut Grove Management, in order to take leave and be absent from work so she could have and recover from surgery.

28.     Couch gave the appropriate notice and request for her need to be absent from work to Walnut Grove.  While Couch was on FMLA leave, her office was completely cleaned out by Walnut Grove personnel.

29.     After returning to work on a part-time basis to accommodate her treatment schedule, Walnut Grove terminated Couch while she was using intermittent leave with a justification that had no basis in fact.

30.     Walnut Grove interfered with, restrained, and/or denied the exercise of or the attempt to exercise Couch's rights under 29 U.S.C. §2601, et seq.

6

31.     As a result of Walnut Grove's violation of the Family Medical Leave Act, Couch's professional reputation was damaged and her career path was derailed.  Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## COUNT II

### RETALIATION- FMLA

32.     Plaintiff incorporates Paragraphs 1 through 31 as if fully set forth herein.

33.     In response to Plaintiff's use of federally protected leave, Defendants took adverse and retaliatory actions against Plaintiff when Plaintiff was terminated after using protected FMLA leave and while she was still using intermittent leave to accommodate her treatment schedule.  Said conduct violates the Family and Medical Leave Act, 29 U.S.C. §2601, et seq., as amended.

34.     As a result of Defendants' illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of job-related benefits, interest thereon, and will continue to incur such damages into the future.

35.     Insofar as Defendants' conduct was (and is) willful and/or reckless, punitive damages are appropriate under state and federal law.

## COUNT III

### WRONGUL DISCHARGE- ADA

36.     Plaintiff incorporates Paragraphs 1 through 35 as if fully set forth herein.

37.     Defendants are a covered entity and employer under 42 U.S.C. §12111.

38.     Plaintiff was an employee of Defendants and during her employment, she suffered from vulvar cancer and corresponding treatment.

7

39.     Plaintiff was disabled as such a condition substantially limits one or more of Plaintiff's major life activities; or, in the alternative, Plaintiff had a record of disability of which Defendants had knowledge of prior to subjecting Plaintiff to adverse employment actions.

40.     At all times relevant, Plaintiff was able to perform the essential functions of her job as Activities Director/Lifestyle Coordinator for Defendants with or without reasonable accommodation.

41.     Defendants terminated Plaintiff because of her disability.  Defendants showed minimal or no tolerance for Plaintiff's cancer and corresponding treatment schedule.

42.     Defendants' discrimination altered a term, condition, and/or privilege of Plaintiff's employment as it resulted in disciplinary and discriminatory actions by supervisors.

43.     The unlawful employment practices complained of above were willful and intentional, and Defendant knew and showed reckless disregard for the fact that its conduct was prohibited by federal and state law.

44.     As a result of Defendants' discrimination, Plaintiff has suffered damages in the form of lost wages and benefits, costs and expenses for medical treatment, loss of future pay, benefits and retirement, cost of future medical, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life.  Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## COUNT IV

### FAILURE TO ACCOMMODATE – ADA

45.     Plaintiff incorporates Paragraphs 1 through 44 as if fully set forth herein.

46.    Plaintiff engaged in a protected activity by requesting a reasonable accommodation to work part-time and to set her own schedule in order to accommodate her cancer treatment schedule.

47.    Plaintiff engaged in a protected activity when she attempted to explain and elaborate on the circumstances surrounding her surgery to Tim Morford. Morford was unwilling to listen. Plaintiff was denied the opportunity to explain her condition and to request additional leave in order to pursue mental health counseling related to her recovery.

48.    At all relevant times, Plaintiff was, and continues to be, qualified for, and ready, willing, and able to work for Defendants.

49.    After Plaintiff engaged in the protected activities described herein, Plaintiff was terminated from her position during a period for which she was granted intermittent leave.

50.    The above-mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiff's employment were affected by the retaliation.

51.    As a direct and proximate result of the unlawful retaliation, Plaintiff has suffered lost wages. As an additional direct and proximate result of her termination by Defendant, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, injury to her reputation, mental anguish and anxiety, and other compensatory damages as provided under the ADA.

52.    Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter, and Defendants should be ordered to pay Plaintiff's reasonable attorney's fees and costs.

53.    Defendants should be required to pay Plaintiff liquidated and punitive damages as a result of Defendants' willful violations of the ADA.

<u>COUNT V</u>

RETALIATION- NFEPA

54.     Plaintiff incorporates Paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiff engaged in a protected activity by requesting a reasonable accommodation to work part-time and to set her own schedule in order to accommodate her cancer treatment schedule.

56.     At all relevant times, Plaintiff was, and continues to be, qualified for, and ready, willing, and able to work for Defendants.

57.     After Plaintiff engaged in the protected activities described herein, Plaintiff was terminated from her position during a period for which she was granted intermittent leave.

58.     The above-mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiff's employment were affected by the retaliation.

59.     As a direct and proximate result of the unlawful retaliation, Plaintiff has suffered lost wages.  As an additional direct and proximate result of her termination by Defendants, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, injury to her reputation, mental anguish and anxiety, and other compensatory damages as provided under the Nebraska Fair Employment Practices Act.

60.     Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter, and Defendants should be ordered to pay Plaintiff's reasonable attorney's fees and costs.

61.     Defendants should be required to pay Plaintiff liquidated and punitive damages as a result of Defendants' willful violations of the ADA.

<u>COUNT V</u>

AGE DISCRIMINATION- STATE & FEDERAL

62.     Plaintiff incorporates Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     Plaintiff was discriminated against as set forth above because of her age, in violation of Nebraska Age Discrimination in Employment Act and the Federal Age Discrimination in Employment Act.

64.     At the time of her termination, Plaintiff was 55 years old.

65.     Plaintiff was highly qualified for her position at Defendant Walnut Grove.

66.     Plaintiff's replacement, Kim Spicer, was 41 years old at the time she was hired as Activities Director by Walnut Grove.  Spicer was significantly less experienced and less qualified than the Plaintiff in the role of Activities Director.

67.     Plaintiff complained about the poor treatment to Defendants, but her complaints were disregarded.

68.     Plaintiff was disciplined and terminated because of her age.

69.     Plaintiff has been damaged as a direct and proximate cause of Defendants' discrimination, suffering lost wages, lost fringe and plan benefits in an amount to be determined at trial.

70.     Defendants' actions were willful entitling Plaintiff to a like sum of money to compensate her for willful age discrimination.

## DAMAGES

71.     Plaintiff incorporates Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.     As a result of Defendant Walnut Grove's age discrimination, retaliation, FMLA violations, state law violations and ADA violation and retaliation, Plaintiff has suffered damages and seeks the following relief:

a.     Back pay and lost benefits to the time of trial;

b.     Front pay including retirement and other benefits;

c.     Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

e.     Punitive damages for Defendant's actual malice or reckless indifference to Plaintiff's federally protected rights;

f.     Liquidated damages as prescribed by 29 U.S.C. §2617;

g.     Attorney's fees, expert witness fees and other reasonable costs; and

h.     Pre-judgment and post-judgment interest.


WHEREFORE, Plaintiff prays for judgment against Defendants for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

12

Dated this 8th day of July, 2015.

MARY LOU COUCH, Plaintiff

By: _____

Raymond R. Aranza #18523
Mark R. Bosworth #25465
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
Omaha, Nebraska 68154
Phone: 402-492-9800
Fax:    402-492-9336
E-Mail: raranza@mcrlawyers.com
E-Mail: mbosworth@mcrlawyers.com
Attorneys for Plaintiff

N:\WDOX\CLIENTS\14465\002\PLEA\00156861.DOCX

13





## State of Nebraska
### NEBRASKA EQUAL OPPORTUNITY COMMISSION









Mary Lou Couch ,
    Complainant,

vs.

Walnut Grove Retirement Facility, LLC,
    Respondent.

)
)
)
)
)
)
)
)
)
)

**COMMISSION DETERMINATION**

NEB 1-14/15-7-45001-RD
EEOC 32E-2014-00638

A determination has been made in the above-referenced matter before the Nebraska Equal Opportunity Commission. Pursuant to the **Nebraska Age Discrimination in Employment Act** and the Rules and Regulations of the Nebraska Equal Opportunity Commission, the Commission has officially dismissed this charge.

The evidence fails to support the allegations of discrimination (see attached); and there is no appeal process. This finding of **no reasonable cause** is the final determination of the Nebraska Equal Opportunity Commission and completes the Commission's handling of the charge.

Since this charge was also filed under Federal law, you may contact the U.S. Equal Employment Opportunity Commission in St. Louis within fifteen (15) days of your receipt of this notice regarding this case. Requests for a Substantial Weight Review must be made in writing to Joseph Wilson, State and Local Coordinator, U.S. Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Street, Room 8.100, St. Louis, MO 63103.

Due to the complexity of the law, and other avenues of redress that may exist, you may wish to consult with an attorney.

The Commission wishes to thank you for your cooperation in the processing of this charge.

_____
For the Commission

**APR 17 2015**
_____
Date

**MAIN OFFICE:**
301 Centennial Mall, South ☐
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
DDD-642-6112
www.NEOC.ne.gov

**BRANCH OFFICES:**
1313 Farnam-on-the-Mall ☐
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

605A Broadway Suite 600 ☐
Scottsbluff, NE 69361-3516
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633



EXHIBIT
A



# State of Nebraska

## NEBRASKA EQUAL OPPORTUNITY COMMISSION



Mary Lou Couch ,
    Complainant,

vs.

Walnut Grove Retirement Facility, LLC,
    Respondent.

)
)
)
)
)
)
)
)
)
)

**COMMISSION DETERMINATION**

NEB 1-14/15-7-45001-RD
EEOC 32B-2014-00638

A determination has been made in the above-referenced matter before the Nebraska Equal Opportunity Commission. Pursuant to the **Nebraska Fair Employment Practice Act** and the Rules and Regulations of the Nebraska Equal Opportunity Commission, the Commission has officially dismissed this charge.

The evidence fails to support the allegations of discrimination (see attached); and there is no appeal process. This finding of **no reasonable cause** is the final determination of the Commission and completes the handling of the charge. The deadline for filing an action directly in state district court is 90 days after the receipt of this notice.

Since this charge was also filed under Federal law, you may contact the U.S. Equal Employment Opportunity Commission in St. Louis within fifteen (15) days of your receipt of this notice regarding this case. Requests for a Substantial Weight Review must be made in writing to Joseph Wilson, State and Local Coordinator, U.S. Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Street, Room 8.100, St. Louis, MO 63103.

Due to the complexity of the law, and other avenues of redress that may exist, you may wish to consult with an attorney.

The Commission wishes to thank you for your cooperation in the processing of this charge.

*Barbara Albers*
For the Commission

APR 17 2015
Date






**MAIN OFFICE:**
301 Centennial Mall, South ☐
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.ne.gov

**BRANCH OFFICES:**
1313 Farnam-on-the-Mall ☐
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

505A Broadway Suite 600 ☐
Scottsbluff, NE 69361-3515
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633

NEB 1-14/15-7-45001-RD
Couch vs. Walnut Grove Retirement Facility, LLC
Page 2

## ATTACHMENT

### No Reasonable Cause – Age Discrimination (Discharge)

The Complainant had alleged that because of her age (55), she was discharged from her position of Lifestyle Coordinator and replaced by a younger person. The evidence shows the Complainant and Respondent were not in agreement with the changes the Respondent proposed as improvements, and the disagreement about the changes persisted. The Complainant's position was posted by the previous managers due to the difficulties, as the Complainant complained to Human Resources multiple times about her treatment. With the problems escalating under the new managers, the Respondent decided the Complainant could not satisfactorily perform the duties assigned to her and discharged her. The record shows the Respondent terminated 15 employees between 2013 and 2014 for similar reasons, and of these, 11 were younger than the Complainant and 5 were under age 40.

NEB 1-14/15-7-45001-RD
Couch vs. Walnut Grove Retirement Facility, LLC
Page 2

## ATTACHMENT

### No Reasonable Cause – Disability Discrimination (Harassment, Discipline, Discharge)

The Complainant is in the protected class of disability under the Americans with Disabilities Act Amendment Act, and she had alleged that because of her disability, she was subjected to harassment when it was implied by management that she had a sexually transmitted disease; when she was told to not discuss her medical condition; when she was told to remove her personal property; when she discovered some of her duties were reassigned and her office completely cleaned out when she returned from medical leave.

The evidence shows the Complainant and Respondent were not in agreement with the changes the Respondent proposed as improvements, and the disagreement about the changes persisted. In addition, Respondent testimony suggested the Complainant had other employment issues related to timeliness in reporting to work and meeting deadlines. The Complainant's position was posted by the previous managers due to the difficulties, as the Complainant complained to Human Resources multiple times about her treatment. The Complainant was issued discipline for making an announcement that offended a guest. With the problems escalating under the new managers, the Respondent decided the Complainant could not satisfactorily perform the duties assigned to her and discharged her from the position of Lifestyle Coordinator. The record shows the Respondent terminated 15 employees between 2013 and 2014 for similar reasons, and of these, 11 were younger than the Complainant and 5 were under age 40.

### No Reasonable Cause – Retaliation Discrimination (Discharge)

The Complainant alleged she was subjected to retaliation because she requested reasonable accommodations related to her medical condition. The evidence shows the Respondent approved intermittent leave for the Complainant following her return from medical leave. The Complainant did not present any evidence to show that Respondent's decision to terminate her employment was related to their approval of her intermittent leave.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150005997
Transaction ID: 0002551302
Filing Date: 07/08/2015 02:55:51 PM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| MARY LOU COUCH, | ) | CASE NO. CI 15-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PRAECIPE |
| | ) | |
| WALNUT GROVE RETIREMENT | ) | |
| COMMUNITY LLC, and RESORT | ) | |
| LIFESTYLE COMMUNITIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE CLERK OF THIS COURT:**

**PLEASE ISSUE SUMMONS** together with a copy of the Complaint herein to be served upon the Defendants, by **certified mail, return receipt requested,** as follows:

Walnut Grove Retirement Community LLC
c/o Breck Collingsworth, Reg. Agent
8040 Eiger Drive
Lincoln, NE 68516

Resort Lifestyle Communities, Inc.
c/o Breck Collingsworth, Reg. Agent
8040 Eiger Drive
Lincoln, NE 68516

Dated this 8th day of July, 2015.

MARY LOU COUCH, Plaintiff

By: _____
Raymond R. Aranza #18523
Mark R. Bosworth #25465
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
Omaha, Nebraska 68154
Phone: 402-492-9800
Fax:   402-492-9336
E-Mail:  raranza@mcrlawyers.com
E-Mail:  mbosworth@mcrlawyers.com
Attorneys for Plaintiff

N:\WDOX\CLIENTS\14465\002\PLEA\00158303.DOCX

| Image ID: | **SUMMONS** | |
|---|---|---|
| D00330877D01 | | Doc. No. 330877 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183


Mary Lou Couch v. Walnut Grove Retirement Community

Case ID: CI 15     5997


TO:  Resort Lifestyle Communities Inc

**FILED BY**

Clerk of the Douglas District Court
07/08/2015

You have been sued by the following plaintiff(s):

    Mary Lou Couch


Plaintiff's Attorney:    Mark R Bosworth
Address:                 11605 Miracle Hills Dr.  Suite 300
                         PO Box 542005
                         Omaha, NE 68154-4487
Telephone:               (402) 492-9800

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.


Date:  JULY 8, 2015      BY THE COURT:    *John M. Friend*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Resort Lifestyle Communities Inc
        c/o Breck Collingsworth, Reg Agent
        8040 Eiger Drive
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00330876D01

## SUMMONS

Doc. No.   330876

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Mary Lou Couch v. Walnut Grove Retirement Community

Case ID: CI 15    5997

TO:  Walnut Grove Retirement Community

**FILED BY**

Clerk of the Douglas District Court
07/08/2015

You have been sued by the following plaintiff(s):

Mary Lou Couch

Plaintiff's Attorney:   Mark R Bosworth
Address:                11605 Miracle Hills Dr.  Suite 300
                        PO Box 542005
                        Omaha, NE 68154-4487
Telephone:              (402) 492-9800

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JULY 8, 2015        BY THE COURT:   *John M. Friend*
                                                Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Walnut Grove Retirement Community
        c/o Breck Collingsworth, Reg Agent
        8040 Eiger Drive
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150005997
Transaction ID: 0002566248
Filing Date: 07/13/2015 04:18:13 PM CDT

## SERVICE RETURN

Doc. No.   330877

Douglas District Court
1701 Farnam
Omaha                        NE 68183

To:
Case ID: CI 15     5997 Couch v. Walnut Grove Retirement Communi

Received this Summons on _____,_____ . I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                         _____

Mileage _____miles           _____

  TOTAL              $ _____

Date: _____      BY: _____
                                          (Sheriff or authorized person)

### CERTIFIED MAIL
### PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: __ Resort Lifestyle Communities, Inc.

At the following address: ___ c/o Breck Collingsworth, Reg. Agent,

    8040 Eiger Drive, Lincoln, NE 68516

_____

on the _8th_ day of __July_____ 2015____ as required by Nebraska state law.

                                        _____
                                        Mark R. Bosworth #25465
Postage $ _7.89____   Attorney for: Plaintiff

The return receipt for mailing to the party was signed on __July 10, 2015__.

To: Resort Lifestyle Communities Inc        From: Mark R Bosworth
    c/o Breck Collingsworth, Reg Agent             11605 Miracle Hills Dr.  Suite 300
    8040 Eiger Drive                               PO Box 542005
    Lincoln, NE 68516                              Omaha, NE 68154-4487

# ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00330877D01

**SUMMONS**

Doc. No.    330877

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Mary Lou Couch v. Walnut Grove Retirement Community

Case ID: CI 15     5997

TO:  Resort Lifestyle Communities Inc

**FILED BY**

Clerk of the Douglas District Court
07/08/2015

You have been sued by the following plaintiff(s):

Mary Lou Couch

Plaintiff's Attorney:     Mark R Bosworth
Address:                  11605 Miracle Hills Dr.  Suite 300
                         PO Box 542005
                         Omaha, NE 68154-4487
Telephone:               (402) 492-9800

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JULY  8, 2015        BY THE COURT:   *John M. Friend*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Resort Lifestyle Communities Inc
        c/o Breck Collingsworth, Reg Agent
        8040 Eiger Drive
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Resort Lifestyle Communities, Inc.
c/o Breck Collingsworth, Reg. Agent
8040 Eiger Drive
Lincoln, NE  68516

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Linette Van Herwick*     ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
*Linette Van Herwick*               7-10-15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail®        ☐ Priority Mail Express™
☐ Registered             ☒ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*     ☐ Yes

2. Article Number
   *(Transfer from service label)*     7015 0640 0000 2466 8739

PS Form 3811, July 2013     *epa*     Domestic Return Receipt     *14465 002*

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150005997
Transaction ID: 0002566248
Filing Date: 07/13/2015 04:18:13 PM CDT

## SERVICE RETURN

Doc. No.   330876

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 15     5997 Couch v. Walnut Grove Retirement Communi

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                       _____

Mileage _____miles         _____

    TOTAL               $ _____

Date: _____          BY: _____
                                            (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Walnut Grove Retirement Community LLC

At the following address: c/o Breck Collingsworth, Reg. Agent,

8040 Eiger Drive, Lincoln, NE 68516

on the ___8th___ day of ___July___   ___2015___, as required by Nebraska state law.

Mark R. Bosworth #25465

Postage $ 7.89      Attorney for: ___Plaintiff___

The return receipt for mailing to the party was signed on ___July 10, 2015___.

To: Walnut Grove Retirement Community      From: Mark R Bosworth
c/o Breck Collingsworth, Reg Agent               11605 Miracle Hills Dr.  Suite 300
8040 Eiger Drive                                 PO Box 542005
Lincoln, NE 68516                                Omaha, NE 68154-4487

## ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00330876D01

**SUMMONS**

Doc. No.   330876

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Mary Lou Couch v. Walnut Grove Retirement Community

Case ID: CI 15     5997

TO:  Walnut Grove Retirement Community

**FILED BY**
Clerk of the Douglas District Court
07/08/2015

You have been sued by the following plaintiff(s):

    Mary Lou Couch

Plaintiff's Attorney:     Mark R Bosworth
Address:                  11605 Miracle Hills Dr.  Suite 300
                          PO Box 542005
                          Omaha, NE 68154-4487
Telephone:                (402) 492-9800

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JULY  8, 2015        BY THE COURT:    John M. Friend
                                                   Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Walnut Grove Retirement Community
        c/o Breck Collingsworth, Reg Agent
        8040 Eiger Drive
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walnut Grove Retirement Community LLC
c/o Breck Collingsworth, Reg. Agent
8040 Eiger Drive
Lincoln, NE 68516

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Ynette Van Hunnik_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) _Linette Van Hunnik_   C. Date of Delivery 7/10/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7015 0640 0000 2466 8722

PS Form 3811, July 2013   EPA   Domestic Return Receipt   14465,002